IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL HOSPITAL CORP., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-0266-N |
| GRUPO PROMOTER HOSPITAL SAN JOSE, S.A., *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants Grupo Promoter Hospital San Jose, S.A. ("Grupo Promoter"), Carlos Alberto Alvarado Moya, Ana Saavedra Raventos, Elias Jimenez Fonseca, Francisco Gonzalez Jinesta, Carlos Alpizar Quesada, Hernan Hernandez Zamora, Lorena Maria Montalto Falcinella, Alvaro Monge Rodriguez, Maria Mayela Fernandez Alvarado, and Guillermo Cubas Perez's (collectively, "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* [34]. Because the Court finds that Costa Rica is the more convenient forum, the Court grants the Defendants' motion to dismiss on *forum non conveniens* grounds.

## I. BASIS OF THE LAWSUIT

This lawsuit arises out of Plaintiff International Hospital Corporation's ("IHC") investment in Hospital CIMA San Jose ("HCSJ"), a Costa Rican hospital. IHC is a Texas corporation that establishes, constructs, manages, and maintains high-quality hospitals in

Latin American.  Grupo Promoter, a Costa Rican company, approached IHC in 1997 regarding investing in HCSJ.  As part of this effort, defendants Jimenez, Gonzalez, Saavedra, Monge, and Alvarado traveled to Dallas, Texas on behalf of Grupo Promoter to negotiate with IHC regarding this investment.  As a result of negotiations, IHC entered into a joint venture with Grupo Promoter, pursuant to which IHC invested $4 million in Consorcio Hospitalario Internacional, S.A. ("CHI"), which in turn invested the same $4 million in HCSJ.  With this investment, CHI became a 25% equity holder in HCSJ and IHC assumed certain managerial responsibilities under a management contract that the parties executed at the same time.  The parties then later entered into a third contract to provide additional capital to HCSJ, pursuant to which Grupo Promoter transferred to CHI a 25% interest in HCSJ in exchange for a 50% share of CHI.   These contracts were drafted and executed in Spanish, are governed by Costa Rican law, and provide that the exclusive forum for dispute resolution is arbitration before the Costa Rican Chamber of Commerce.

The relationship between the parties eventually soured.  In June 2005, Grupo Promoter commenced an arbitration proceeding against CHI before the Costa Rican Chamber of Commerce, asserting claims for breach of contract.  IHC then filed suit in this Court, asserting claims for fraudulent inducement, fraud, defamation per se, defamation per quod, business disparagement, tortious interference, civil conspiracy and aiding and abetting, breach of fiduciary duty, fraudulent concealment, corporate waste, defalcation and embezzlement, and punitive damages.  As the basis for these claims, IHC alleges that the Defendants made numerous material misrepresentations to IHC during negotiation of the

ORDER – PAGE 2

various contracts, mismanaged the construction and operation of HCSJ, and initiated a rumor campaign designed to discredit IHC and Wood. The Defendants move to dismiss this action, arguing that IHC has failed to demonstrate that the Court has personal jurisdiction over the Defendants, or in the alternative, that the Northern District of Texas is an inconvenient forum. However, because the Court finds that Costa Rica is the more appropriate forum, it will not address Defendants' jurisdictional argument. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, ___ S.Ct. ___, 2007 WL 632763, at *8 (Mar. 5, 2007) (No. 06-102) ("A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.").

## II. FORUM NON CONVENIENS

"[F]ederal courts have discretion to dismiss . . . actions, in certain narrow circumstances, under the common law doctrine of *forum non conveniens*." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). "Such a dismissal reflects a court's assessment of a 'range of considerations, most notably the convenience of the parties and the practical difficulties that can attend adjudication of a dispute in a certain locality.'" *Sinochem*, 2007 WL 632763, at *6 (quoting *Quackenbush*, 517 U.S. at 723). Under the doctrine, a Court may "resist imposition upon its jurisdiction even when jurisdiction is authorized." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). A federal court sitting in diversity applies the federal law of

*forum non conveniens* rather than any state-law counterpart. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

The Fifth Circuit has distilled the *forum non conveniens* analysis into a tripartite test. The Court must first decide whether an available and adequate alternative forum exists for the plaintiff's claim. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002). Second, if the Court determines that an available and adequate alternate forum exists, it must then examine the relevant private interest factors, weighing in the balance the relevant deference due to plaintiff's choice of forum. *Id.* at 380; *In re Air Crash Disaster Near New Orelans, LA*, 821 F.2d 1147, 1165 (5th Cir. 1987). Third, if the private interest factors do not favor dismissal, the Court must then consider the relevant public interest factors. *Gonzalez*, 301 F.3d at 380.

The Supreme Court and the Fifth Circuit have emphasized that *forum non conveniens* is a flexible doctrine. The private and public interest factors identified by the Court are not exclusive, and the weight accorded to each may vary from case to case. *See Van Cauwenberghe v. Biard*, 486 517, 528–29 (1988) (stating that the private and public interest factors identified by the Court are "by no means exhaustive, and some factors may not be relevant in the context of a particular case"). Accordingly, no individual factor is dispositive in the analysis. *Dickson Marine Inc.*, 179 F.3d at 342. Rather, the Court must balance the relevant private and public interest factors, bearing in mind that the central focus of the analysis is convenience. *Id.* Furthermore, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Co.*, 330 U.S.

ORDER – PAGE 4

at 508.  Ultimately, the defendant bears the burden of persuading the Court that the alternate

forum is the more convenient and appropriate forum.  *Air Crash Disaster*, 821 F.2d at 1164.

### A. Costa Rica Is an Available and Adequate Forum

For the Court to appropriately grant a *forum non conveniens* dismissal, it must first

determine that an available and adequate alternate forum exists.  The Court is satisfied that

the Defendants have sufficiently demonstrated the existence of an available and adequate

alternate forum.

*1. Availability.* – An alternate forum is available if "the entire case and all parties can

come within its jurisdiction."  *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th

Cir. 2003).  A defendant comes within the jurisdiction of the alternate forum when "the

defendant is amenable to process" in the alternate forum at the time of dismissal.  *Piper*

*Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.22 (1981).  Here, all defendants are residents of

Costa Rica; thus, a Costa Rican court would have jurisdiction over defendants.  Furthermore,

Grupo Promoter has already commenced an arbitration proceeding against CHI before the

Costa Rican Chamber of Commerce, and the arbitrators have ruled that jurisdiction over the

parties and issues in Costa Rica is proper.

IHC contends that the Defendants have failed to demonstrate that Costa Rica is an

available forum because they have not established that a Costa Rican court would have

jurisdiction over IHC and Plaintiff Gary B. Wood ("Wood").  The Court finds this argument

unpersuasive.  Generally, the availability inquiry is satisfied by conditioning dismissal upon

the defendant's submission to jurisdiction in the alternate forum, as the concern underlying

ORDER – PAGE 5

the requirement is that the plaintiff has unfettered access to the foreign forum. *See Syndicate 420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 830 (5th Cir. 1986) ("The defendant's submission to the jurisdiction of the alternate forum renders that forum available for purposes of *forum non conveniens* analysis."). The Fifth Circuit has affirmed *forum non conveniens* dismissals conditioned on the defendant's submission to jurisdiction in the alternate forum, reasoning that the conditional dismissal "obviates the need for extensive inquiry into foreign jurisdictional law since, if the foreign court refuses to take jurisdiction, [the] plaintiff is still protected by the conditional nature of the dismissal." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1249 n.12 (5th Cir. 1983) (internal quotations omitted).

The Fifth Circuit has applied this same principle to questions involving the plaintiff's ability to file suit in the foreign forum. *See Syndicate 420 at Lloyd's London*, 796 F.2d at 829–830. In *Syndicate 420*, the district court dismissed the case on *forum non conveniens* grounds, finding that Great Britain constituted the more appropriate forum for resolving the litigation. *Id.* at 823. The plaintiffs, which included two American corporations, appealed the dismissal, arguing that the foreign forum was unavailable to them because they were not considered "proper parties" to the suit under British law and thus had no standing to intervene in the suit that was already pending in Britain. *Id.* at 829. The Fifth Circuit rejected the plaintiff's argument, holding that a dismissal "conditioned upon the willingness of the English courts to hear [the] case as transferred by a sister American court" satisfied the plaintiffs concerns and "assure[d] the availability of the alternative forum." *Id.* at 830. The Court finds that such a conditional dismissal is appropriate here. Accordingly, rather

ORDER – PAGE 6

than make an extensive inquiry into Costa Rican jurisdictional law, the Court assumes for purposes of *forum non conveniens* analysis that Costa Rica is an available forum if the dismissal is conditionally granted.

     ***2. Adequacy.*** – IHC argues that the Defendants have failed to show that Costa Rica is an adequate forum because Costa Rican law recognizes only IHC's breach of fiduciary duty claim. According to IHC, Costa Rica "deprive[s] IHC and Wood of almost all of their remedies . . . and thus cannot be an adequate forum." The Court disagrees.

     An alternate forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Gonzalez*, 301 F.3d at 379–80 (quoting *Air Crash Disaster*, 821 F.2d at 1165). Thus, a plaintiff may not defeat a *forum non conveniens* dismissal merely by showing that the substantive law in the foreign forum is less favorable to him than the law in the chosen forum. *Piper Aircraft Co.*, 454 U.S. at 250–51. In fact, an unfavorable change in law is generally not a substantial factor in the *forum non conveniens* analysis, even when the foreign law fails to recognize one of the plaintiff's claims or substantially limits the plaintiff's potential recovery. *See Piper Aircraft Co.*, 454 U.S. at 255 ("Although the [plaintiffs] nay not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger they will be deprived on any remedy or treated unfairly."); *Gonzalez*, 301 F.3d at 982–83 ("We nevertheless are unwilling to hold as a legal principle that Mexico offers an inadequate forum simply because it does not make economic sense for Gonzalez to file this lawsuit in Mexico."); *Kempe v. Ocean Drilling &*

*Exploration Co.*, 876 F.2d 1138, 1146 (5th Cir. 1989) (affirming the district court's *forum non conveniens* dismissal even though the foreign forum failed to recognize plaintiffs' RICO claim because plaintiffs could pursue alternative claims in the foreign forum). Thus, neither an unfavorable change in law nor a reduction in potential recovery renders a foreign forum inadequate for purposes of *forum non conveniens* analysis. Rather, a foreign forum is inadequate only when the forum would afford the plaintiff no remedy at all. *Kempe*, 876 F.2d at 1146.

Here, IHC may still pursue its breach of fiduciary duty claim in Costa Rica; therefore, Costa Rica does not deprive IHC of all remedies "based on the factual predicate of [its] complaint." *Kempe*, 876 F.2d at 1145. Accordingly, the Court finds that Costa Rica is an adequate alternative forum.

### B. The Private Interest Factors Favor Dismissal

Having determined that Costa Rica constitutes an available and adequate alternate forum, the Court must now weigh the relevant private interest factors, which include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process to ensure the attendance of unwilling witnesses, as well as the cost of obtaining attendance of willing witnesses; (3) possibility of viewing the premises, if appropriate to the action; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (5) the enforceability of a judgment if one is obtained. *Gulf Oil Corp.*, 330 U.S. at 508.

The Court finds that the private interest factors weigh heavily in favor of dismissal. The focal point of this litigation is in Costa Rica. The case arises out of IHC's investment

in a Costa Rican hospital, which IHC made through CHI, a Costa Rican corporation.  The contracts reflecting this investment are written in Spanish, contain Costa Rican choice of law provisions, and designate arbitration before the Costa Rican Chamber of Commerce as the appropriate form of dispute resolution.  The majority of events leading to the dispute occurred in Costa Rica,[1] and the majority of witnesses currently reside in Costa Rica.  Thus, litigating this case in Texas results in the added inconvenience and cost associated with transporting evidence and witnesses, as well as with translating documents and testimony. Accordingly, the Court finds that the first four factors clearly point towards Costa Rica as the more convenient forum; thus, dismissal on *forum non conveniens* grounds is appropriate.  *See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 837 (5th Cir. 1993) (affirming the district court's dismissal on *forum non conveniens* grounds because the court did not abuse its discretion in concluding that "on the whole, . . . the bulk of the evidence is in [the foreign forum] and is more readily accessible there").

IHC raises several points in favor of retaining this litigation in Texas, none of which the Court finds persuasive.  First, IHC argues that the availability of compulsory process to secure the testimony of unwilling witnesses, as well as the ability to record the testimony of

---

[1] IHC argues that the gravamen of its complaint is the Defendants' perpetration of various torts through fraudulent statements made in Texas or directed at Texas.  Specifically, IHC claims that Defendants misrepresented the value of HCSJ, as well as the extent of Grupo Promoter's investment in HCSJ, in order to induce IHC to invest in the hospital.  However, the truth or falsity of these representations will be determined in light of evidence located in Costa Rica; therefore, the Court finds that this fact actually weighs in favor of dismissal, especially considering that the other acts forming the basis of IHC's complaint occurred in Costa Rica.

ORDER – PAGE 9

willing witnesses in their homes in Costa Rica, weighs against dismissal. However, despite the availability of compulsory process, the Court finds the additional inconvenience and costs associated with securing witness testimony in a foreign language and location favors dismissal. Second, IHC stresses that any judgment rendered by this Court would be enforceable in the U.S. The Court, however, notes that because all Defendants are citizens of Costa Rica, any judgment rendered by a Costa Rican court would also be enforceable; thus, the Court gives this factor little weight.[2] Third, IHC argues that because it is a Texas corporation (and Wood a Texas resident), the Court should afford its choice of forum great deference. While the Court recognizes that IHC and Wood are Texas residents and, therefore, a presumption exists in favor of their choice of forum, the Court finds that Defendants have sufficiently demonstrated that the private interest factors favoring dismissal outweigh IHC and Wood's interests in litigating in their home forum. *See Dickson Marine Inc. v. Air Sea Broker, Ltd.*, 969 F. Supp. 389, 393 (E.D. La. 1997), *aff'd*, *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 343 (5th Cir. 1999).

IHC also argues that dismissal on *forum non conveniens* grounds is inappropriate because the public interest factors favor retention of this action in the Northern District of Texas. However, because the Court has concluded that the private interest factors clearly favor dismissal, analysis of the public interest factors is unnecessary. *See Baumgart*, 981

---

[2] Furthermore, IHC asserts that pursuant to the Inter-American Convention on Extraterritorial Validity of Foreign Judgments and Arbitral Awards, a judgment rendered by either an American court or a Costa Rican court would be enforceable in either country. Accordingly, the court finds that this factor is of little value in the *forum non conveniens* analysis.

ORDER – PAGE 10

F.2d at 837 ("Because we find that the district court did not err in holding that an appropriate alternate forum exists for Appellants' claims and that the private interest factors weigh in favor of a *forum non conveniens* dismissal, we need not reach the third step of the analysis, which involves consideration of certain 'public interest' factors."); *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 376 (5th Cir. 1992) ("Given the availability of an adequate forum in the Netherlands and the balance of private interest factors favoring dismissal, the district court had no need to consider the public interest factors."); *see also Dickson Marine Inc.*, 179 F.3d at 343 ("Although the district court concluded that the public interest factors might point slightly toward Louisiana as the appropriate forum, the private interest factors favoring the Switzerland forum outweighed the public interest factors.").

## CONCLUSION

The Court finds that Costa Rica constitutes an available and adequate alternate forum, and that the private interest factors weigh heavily in favor of dismissal on *forum non conveniens* grounds. The Court therefore grants the Defendants' motion to dismiss. However, the Court must condition the dismissal to ensure that IHC and Wood can initiate this suit in this Court in the event that the Costa Rican courts decline to exercise jurisdiction. *See, e.g.*, *Vasquez*, 325 F.3d at 675 (stating that "failure to include a return jurisdiction clause in a f.n.c. dismissal constitutes a *per se* abuse of discretion"). Accordingly, should the Costa Rican courts decline to exercise jurisdiction over this case despite IHC's good faith effort to initiate this action there, or should Defendants successfully object to the exercise of personal

jurisdiction by the Costa Rican courts in connection with IHC and Wood's claims, IHC and

Wood may reinstate this action in the Northern District of Texas.


Signed March 13, 2007.


David C. Godbey
United States District Judge